**LEE LITIGATION GROUP, PLLC**
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, Eighth Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

RAFAEL PERAL,
*on behalf of himself,*
*FLSA Collective Plaintiffs*
*and the Class,*

        Plaintiff,

v.

BRITTGAB CORP. d/b/a SABA's PIZZA,
MOSHGAB CORP. d/b/a SABA's PIZZA,
PIZZA 84 LLC d/b/a MARINARA,
GABI OPERATING CORP. d/b/a MARINARA,
PIZZA 26 LLC d/b/a MARINARA,
PIZZA 54 INC. d/b/a MARINARA,
and GABRIEL WEISER,

        Defendants.

Case No:

**CLASS AND COLLECTIVE ACTION COMPLAINT**

**Jury Trial Demanded**

---

Plaintiff RAFAEL PERAL ("Plaintiff"), on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendants, BRITTGAB CORP. d/b/a SABA's PIZZA, MOSHGAB CORP. d/b/a SABA's PIZZA, PIZZA 84 LLC d/b/a MARINARA, GABI OPERATING CORP. d/b/a MARINARA, PIZZA 26 LLC d/b/a MARINARA, PIZZA 54 INC. d/b/a MARINARA

1

("Corporate Defendants"), and GABRIEL WEISER ("Individual Defendant," and together with the Corporate Defendants, "Defendants") and states as follows:

## INTRODUCTION

1. Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that he and others similarly situated are entitled to recover from Defendants: (1) unpaid wages, including overtime, due to time shaving, (2) liquidated damages, and (3) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), that he and others similarly situated are entitled to recover from Defendants: (1) unpaid wages, including overtime, due to time shaving, (2) statutory penalties, (3) liquidated damages, and (4) attorneys' fees and costs.

3. Plaintiff additionally alleges for damages under the Internal Revenue Code, 26 U.S.C. § 7434 for relief, damages, fees and costs in this matter because Defendants willfully filed fraudulent tax information forms with the Internal Revenue Service ("IRS").

4. The IRS will be notified of this Complaint as the Internal Revenue Code requires. Specifically, the Internal Revenue Code provides that "[a]ny person bringing an action under [26 U.S.C. § 7434] Subsection (a) shall provide a copy of the complaint to the IRS upon the filing of such complaint with the court."  26 U.S.C. § 7434(d).

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

6. Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

7. Defendants have presented a purported arbitration agreement for Plaintiff. This agreement is believed by Plaintiff to be a fake and concocted only after Defendants received a demand letter. See Attached **Exhibit A (Defendants Purported Arbitration Agreement).** A side-by-side analysis shows that the signature on the purported arbitration agreement (the image on the left) is completely different from another sample signature based on Plaintiff's retainer agreement with counsel (the image on the right).



Finally, because of the purported fake signature, all other arbitration agreements that Defendants may present must also be discredited, to the extent they are presented to refute class motions.

## PARTIES

8. Plaintiff RAFAEL PERAL is a resident of Bronx County, New York.

9. Defendants operate a chain of six restaurants as a single integrated enterprise. Two of the Restaurants share the trade name "SABA'S PIZZA," while the other four share the trade name "MARINARA." The Restaurants are located at the following addresses:

    a. SABA'S PIZZA

        i. 1217 Lexington Avenue, New York, NY 10028 (the "Upper East Side Location");

        ii. 403 Amsterdam Avenue, New York, NY 10024 (the "Upper West Side Location");

(collectively, "Saba's Pizza Restaurants"),

3

    b. MARINARA

        i. 1376 Lexington Avenue, New York, NY 10128 (the "Upper East Side Location");

        ii. 483 Amsterdam Avenue, New York, NY 10024 (the "Upper West Side Location");

        iii. 379 Park Avenue S, New York, NY 10016 (the "Park Avenue Location"); and

        iv. 985 First Avenue, New York, NY 10022 (the "Midtown East Location")

(collectively, "Marinara Restaurants").

10. Corporate Defendants

    a. BRITTGAB CORP. d/b/a SABA's PIZZA, is a domestic business corporation organized under the laws of the State of New York with an address for service of process and a principal place of business located at 1217 Lexington Avenue, New York, NY 10028. Defendants operate the Restaurants through Corporate Defendant.

    b. MOSHGAB CORP. d/b/a SABA's PIZZA, is a domestic business corporation organized under the laws of the State of New York with an address for service of process at 3044 Avenue U, Brooklyn, New York 11229, and a principal place of business located at 403 Amsterdam Avenue, New York, NY 10024. Defendants operate the Restaurants through Corporate Defendant.

    c. PIZZA 84 LLC d/b/a MARINARA, is a domestic business corporation organized under the laws of the State of New York with an address for service of process and

4

      a principal place of business located at 493 Amsterdam Avenue, New York, NY 10024. Defendants operate the Restaurants through Corporate Defendant.

   d. GABI OPERATING CORP. d/b/a MARINARA, is a domestic business corporation organized under the laws of the State of New York with an address for service of process and a principal place of business located at 1376 Lexington Avenue, New York, NY 10128. Defendants operate the Restaurants through Corporate Defendant.

   e. PIZZA 26 LLC d/b/a MARINARA, is a domestic business corporation organized under the laws of the State of New York with an address for service of process and a principal place of business located at 379 Park Avenue, New York, NY 10022. Defendants operate the Restaurants through Corporate Defendant.

   f. PIZZA 54 INC. d/b/a MARINARA, is a domestic business corporation organized under the laws of the State of New York with an address for service of process and a principal place of business located at 985 First Avenue, New York, NY 10022. Defendants operate the Restaurants through Corporate Defendant.

11. Individual Defendant GABRIEL WEISER is the Chief Executive Officer and a principal of the Corporate Defendants. Defendant GABRIEL WEISER exercises operational control as it relates to all employees including Plaintiff, FLSA Collective Plaintiffs and the Class. Defendant GABRIEL WEISER frequently visits the Restaurants. Defendant exercises—and also delegates to managers and supervisors—the power to (i) fire and hire, (ii) determine rate and method of pay, (iii) set employee schedules, and (iv) otherwise affect the quality of employment, including those of Plaintiff, FLSA Collective Plaintiffs and the Class. At all relevant times, employees of the Restaurants could complain to Defendant GABRIEL WEISER directly regarding

any of the terms of their employment, and Defendant GABRIEL WEISER would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees. Defendant GABRIEL WEISER had the power and authority to supervise and control supervisors of Plaintiff, FLSA Collective Plaintiffs, and Class Members and could reprimand employees.

12. The Defendants operate all six Restaurants as a single integrated enterprise. Specifically, the Restaurants are engaged in related activities, share common ownership, and have a common business purpose:

- a. Related Activities
    - i. The Saba's Pizza Restaurants and Marinara Restaurants interchange supplies and employees are shifted among the restaurants. Employees are also allowed to cover shifts at different locations. For example, Plaintiff RAFAEL PERAL was transferred to multiple locations throughout his employment.
    - ii. The Saba's Pizza Restaurants are all advertised jointly as a common enterprise on Defendants' website, htttp://www.sabaspizzanyc.com. The Marinara Restaurants are all advertised jointly as a common enterprise on Defendants' website, http://www.marinarapizza.com.
- b. Common Ownership
    - i. Individual Defendant, GABRIEL WEISER is the officer in charge of daily operations of the Restaurants. Defendant sets all wage and hour policies, which are effected by managers at each of the Restaurants.

    ii. At all times, Individual Defendant controls each of the managers at each of the Restaurants.

    iii. At all times, Individual Defendant has a direct or indirect controlling interest in each of the Restaurants.

  c. Common Business Purpose

    i. The Saba's Pizza Restaurants and Marinara Restaurants all share similar menu items and specialize in serving pizza and other Italian cuisine.

Although the Plaintiff did not work at all the Restaurants, all of the Restaurants are appropriately named in this Complaint through the relevant Corporate Defendants described above. Because all of the Restaurants share identical illegal wage and hour policies, the Restaurants (and the relevant Corporate Defendants) are properly named because of outstanding liability to the FLSA Collective Plaintiffs and Class members for whom Plaintiff seek to represent.

13. At all relevant times, the Corporate Defendant was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

14. At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs and Class Members was directly essential to the business operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

15. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all current and former non-exempt employees (including but not limited to waiters, runners, delivery persons, pizza makers, food preparers, porters, counter persons, cooks, chefs, dishwashers among others) employed by Defendants on or after the date that is six (6) years before the filing of the Complaint in this case as defined herein ("FLSA

Collective Plaintiffs").

16. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them their proper overtime premium at one and a half times the regular rate for all hours worked over forty (40) in a workweek due to time shaving. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

17. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## **RULE 23 CLASS ALLEGATIONS – NEW YORK**

18. Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("FRCP") Rule 23, on behalf of all current and former non-exempt employees (including but not limited to waiters, runners, delivery persons, pizza makers, food preparers, porters, counter persons, cooks, chefs, dishwashers among others) employed by Defendants on or after the date that is six (6) years before the filing of the Complaint in this case as defined herein (the "Class Period").

19. All said persons, including Plaintiff, are referred to herein as the "Class." The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendants. The hours assigned and worked, the position held,

and rates of pay for each Class member may also be determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under FRCP 23.

20. The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

21. Plaintiff's claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All the Class Members were subject to the same Defendants' corporate practices of (i) failure to pay proper wages, including overtime, due to time shaving, (ii) failing to provide Class Members with proper wage statements with every payment of wages, and (iii) failing to properly provide wage notices to Class Members, at date of hiring and annually, per requirements of the NYLL.

22. Defendants' corporate-wide policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

23. Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation, and have previously represented Plaintiff in wage and hour cases.

24. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of the wage and hour litigation where individual Class Members lack the financial resources to vigorously prosecute a lawsuit against corporate defendant. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class Members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class Members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class Members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

25. Defendants and other employers throughout the state violate the NYLL. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide Class Members who

are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

26. There are questions of law and fact common to the Class which predominate over any questions affecting only individual Class Members, including:

   a) Whether Defendants employed Plaintiff and the Class Members within the meaning of NYLL;

   b) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not properly pay Plaintiff and Class Members;

   c) At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiff and Class Members for their work;

   d) Whether Defendants properly notified Plaintiff and Class Members of their regular hourly rate and overtime rate;

   e) Whether Defendants properly compensated Plaintiff and Class Members for all hours worked, including overtime hours;

   f) Whether Defendants paid Plaintiff and Class Members overtime premium at one and one half times their base hourly rates for all hours worked in excess of forty (40) each workweek;

   g) Whether Defendants caused time shaving by paying Plaintiff and Class members only for those hours which they were scheduled to work, rather than for the actual hours that they worked;

   h) Whether Defendants failed to withhold taxes from the wages of Plaintiff and the Class;

11

i) Whether Defendants provided Plaintiff and the Class with accurate tax statements for each tax year that they worked;

j) Whether Defendants provided to Plaintiff and Class Members annual wage notices, as required under the NYLL; and

k) Whether Defendants provided to Plaintiff and Class Members proper wage statements with each payment of wages as required by NYLL.

## STATEMENT OF FACTS

*27.* In or around March 2019, Plaintiff RAFAEL PERAL was hired by Defendants to work as a food preparer at Saba's Pizza Upper East Side Location at 1217 Lexington Avenue, New York, NY 10028. From June 2019 to September 2019, Plaintiff worked as a food preparer at Marinara Upper East Side Location at 1376 Lexington Avenue, New York, NY 10128. From September 2019 to October 2019, Plaintiff worked as a food preparer at Marinara Park Avenue Location at 379 Park Avenue S, New York, NY 10016. From October 2019 to November 2019, Plaintiff worked as a food preparer at Marinara Upper West Side Location at 483 Amsterdam Avenue, New York, NY 10024. From November 2019 to end of employment, Plaintiff worked as a food prepare at Saba's Pizza Upper East Side Location at 1217 Lexington Avenue, New York, NY 10028. Plaintiff was employed by Defendants until in or around June 2020.

28. Throughout Plaintiff's employment with Defendants, Plaintiff regularly worked over forty (40) hours. Specifically, from the start of his employment to June 2019, Plaintiff worked seven (7) days per week from 3:00 p.m. until 11:00 p.m., for a total of fifty-six (56) hours per week. From June 2019 to September 2019, Plaintiff worked six (6) days per week from 9:00 a.m. until 6:00 p.m., for a total of fifty-four (54) hours per week. From September 2019 to October 2019, Plaintiff worked six (6) days per week from 9:00 a.m. until 5:00 p.m., for a total of forty-

eight (48) hours per week. From October 2019 to November 2019, Plaintiff worked two (2) days per week from 3:00 p.m. until 10:00 p.m., and four (4) days per week from 11:00 a.m. until 3:00 p.m., for a total of thirty (30) hours per week. From November 2019 to end of his employment, Plaintiff worked six (6) days per week from 9:00 a.m. until 5:00 p.m., for a total of forty-eight (48) hours per week.

29. From the start of Plaintiff's employment to June 2019, Plaintiff was compensated at an hourly rate of $12.75 per hour. From June 2019 to September 2019, Plaintiff was compensated at an hourly rate of $15.00 per hour. From September 2019 to end of employment, Plaintiff was compensated at an hourly rate of $17.00 per hour.

30. Although Plaintiff regularly worked in excess of forty (40) hours per workweek during his employment by Defendants, Defendants never paid Plaintiff proper overtime premium for hours that he worked in excess of forty (40) hours, as required under the FLSA and NYLL. Similarly, FLSA Collective Plaintiffs and Class Members regularly worked in excess of forty (40) hours per workweek, but never received proper overtime premium for the hours in excess of forty (40) that they worked each workweek.

31. Throughout his entire employment Plaintiff, FLSA Collective Plaintiffs and Class Members were not properly compensated for all hours worked, due to Defendants' policy of time shaving. Throughout Plaintiff's employment by Defendants, Plaintiff was required to come in twenty (20) minutes early, two (2) to three (3) times a week. Plaintiff was also subject to a thirty (30) minute automatic meal break deduction, which he did not take for two (2) to three (3) times a week. As a result, Plaintiff was time shaved a total of one point seven (1.7) to two and a half (2.5) hours per week. FLSA Collective Plaintiffs and Class Members also suffered similarly from Defendants' illegal policy of time shaving.

32. During the past six (6) years, Plaintiff and Class Members would be paid in cash and was not given proper wage statements when he received his pay.

33. As a result of Defendants paying Plaintiff and Class Members in cash, Defendants failed to withhold any of Plaintiff's and Class Members' wages for tax purposes.

34. Defendants further failed to provide Plaintiff and Class Members with accurate W-2 tax statements for each tax year during which Plaintiff worked.

35. Defendants knew or should have known that they had a legal duty to withhold taxes from all of Plaintiff's and Class Members' earnings and to provide Plaintiff and Class Members with accurate W-2 tax statements for each tax year during which Plaintiff and Class Members worked.

36. Defendants knowingly and willfully operated their business with a policy of not compensating Plaintiff, FLSA Collective Plaintiffs and Class members for all hours worked due to a policy of time shaving.

37. Defendants never provided Plaintiff with wage notices, as required by the NYLL. Similarly, FLSA Collective Plaintiffs and Class Members were never provided with any wage notices.

38. Defendants did not provide Plaintiff with proper wage statements at all relevant times. Class Members also received defective wage statements that did not comply with the NYLL.

39. Defendants had a legal obligation to file accurate tax statements with the IRS.

40. Defendants' actions were willful and showed reckless disregard for the provisions of the Internal Revenue Code.

41. Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class Members, in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

42. Plaintiff realleges and reavers Paragraphs 1 through 41 of this Class and Collective Action Complaint as if fully set forth herein.

43. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

44. At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

45. At all relevant times, each Corporate Defendant had gross annual revenues in excess of $500,000.

46. At all relevant times, Defendants failed to pay Plaintiff and FLSA Collective Plaintiffs for all hours worked.

47. At all relevant times, the Defendants engaged in a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and FLSA Collective Plaintiffs for all hours worked in excess of forty hours per workweek.

48. At all relevant times, the Defendants engaged in a policy of time shaving, including refusing to compensate Plaintiff and FLSA Collective Plaintiffs for all of their hours worked.

49. Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs should be in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

50. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs for all hours worked when Defendants knew or should have known such was due.

51. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

52. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

53. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid wages, including overtime, due to time shaving, and an equal amount as liquidated damages.

54. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW

55. Plaintiff realleges and reavers Paragraphs 1 through 54 of this Class and Collective Action Complaint as if fully set forth herein.

56. At all relevant times, Plaintiff and Class Members were employed by the Defendants within the meaning of the NYLL, §§2 and 651.

57. Defendants willfully violated the rights of Plaintiff and Class Members by failing to pay them overtime compensation at the rate of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek.

58. Defendants failed to properly notify employees of their overtime rate, in direct violation of the NYLL.

59. At all relevant times, the Defendants engaged in a policy of time shaving, refusing to compensate Plaintiff and Class members for all of their hours that they worked each week.

60. Defendants failed to provide a proper wage and hour notice, at the date of hiring and annually, to all non-exempt employees per requirements of the NYLL.

61. Defendants failed to provide proper wage statements with correct payment as required by NYLL § 195(3).

62. Due to the Defendants' NYLL violations, Plaintiff and Class Members are entitled to recover from Defendants their unpaid wages, including overtime, due to time shaving, reasonable attorneys' fees, liquidated damages, statutory penalties, and costs and disbursements of the action, pursuant to NYLL.

## COUNT III

## CIVIL DAMAGES FOR FRAUDULENT FILING OF INFORMATION RETURNS UNDER 26 U.S.C. § 7434(a)

63. Plaintiff realleges and reavers Paragraphs 1 through 62 of this Class and Collective Action Complaint as if fully set forth herein.

64. By failing to provide Plaintiff and Class Members with accurate IRS Forms W-2 for all of the tax years during which they were employed by Defendants, and failing to properly record, account for, and report to the IRS all monies paid to Plaintiff and Class Members as compensation for all of the work Plaintiff and Class Members performed during the course of their employment with Defendants, and failing to withhold amounts listed on W-2 forms as monies withheld, Defendants filed fraudulent information returns with the IRS, in violation of 26 U.S.C. § 7434.

65. Under the Internal Revenue Code, "[i]f any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such person may bring a civil action for damages against the person so filing such return." 26 U.S.C. § 7434(a).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on behalf of himself, FLSA Collective Plaintiffs and Class Members, respectfully request that this Court grant the following relief:

   a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

   b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

   c. An award of unpaid wages, including overtime, due to Defendants' policy of time shaving under the FLSA and the NYLL;

   d. An award of statutory damages as a result of Defendants' failure to comply with the Internal Revenue Code tax filing requirements;

e. Cost attributable to resolving deficiencies;

f. Damages resulting from the additional tax debt and additional time and expenses associated with any necessary correction;

g. That Defendants be ordered to take all the necessary steps to correct the information returns identified above;

h. An award of statutory penalties as a result of Defendants' failure to comply with NYLL wage notice and wage statement requirements;

i. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay proper wages and compensation for all hours worked, pursuant to 29 U.S.C. § 216;

j. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay proper wages and compensation for all hours of work, pursuant to the NYLL;

k. An award of prejudgment and post judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

l. Designation of Plaintiff as Representatives of the FLSA Collective Plaintiffs;

m. Designation of this action as a class action pursuant to FRCP 23;

n. Designation of Plaintiff as Representatives of the Class; and

o. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demand trial by jury on all issues so triable as of right by jury.

Dated: March 3, 2021

                                              Respectfully submitted,
                                              By: _*/s/ C.K. Lee*_____
                                                    C.K. Lee, Esq.

                                              LEE LITIGATION GROUP, PLLC
                                              C.K. Lee (CL 4086)
                                              Anne Seelig (AS 3976)
                                              148 West 24th Street, 8th Floor
                                              New York, NY 10011
                                              Tel.: 212-465-1188
                                              Fax: 212-465-1181
                                              *Attorneys for Plaintiff,*
                                              *FLSA Collective Plaintiff and the Class*